# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01558 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 12]<br><br>ORDER DIRECTING PLAINTIFF TO PAY THE FILING FEE WITHIN FOURTEEN DAYS OR SUFFER DISMISSAL |

Plaintiff Kirell Taylor ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 26, 2013. On September 5, 2014, the undersigned revoked Plaintiff's in forma pauperis status that had been initially granted on December 12, 2013, based on the fact that Plaintiff suffered three or more strikes under 28 U.S.C. § 1915(g), at the time this action was filed. The Court directed Plaintiff to submit the $400.00 filing fee in full within thirty days or suffer dismissal of the action.

On September 19, 2014, Plaintiff filed a motion for reconsideration of the order revoking his in forma pauperis status.

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

1

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff does not dispute that he has three "strikes" but contends he qualifies for the imminent danger exception under § 1915(g). The three strikes provision precludes Plaintiff from proceeding in forma pauperis unless he was, at the time of filing the complaint, under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In Plaintiff's complaint, he alleges misappropriation of trade secrets and copyrights, misappropriation of art or invention, retaliation by failing to provide Plaintiff with photocopying services, deliberate indifference concerning an incident which took place in 2011, retaliation by issuing a false rules violation report, interference and destruction of mail, denial of access to courts, and retaliation by destruction of property. Based

on Plaintiff's allegations, the Court found that Plaintiff failed to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007).

In his motion for reconsideration, Plaintiff contends that he is a "Negro with a damaged left lung due to a gunshot wound in 1997 and [is] being housed amid a [contraction of] a lethal fungal infection known as Valley Fever [and] inhaling spores in the soil which is an environmental hazard." (Pl's Mot. Recons. at 1.) Plaintiff's vague and conclusory allegation in his complaint that he is in imminent danger of Valley Fever, which was not the basis of the allegations in the complaint, does not satisfy the "imminent danger" exception to § 1915(g). Even a liberal reading of the allegations throughout the complaint cannot transform their true nature into allegations concerning imminent danger of contracting Valley Fever, and the Court finds the inclusion of this vague allegation to be a transparent attempt to avoid paying the filing fee after suffering three strikes under § 1915(g). See, e.g., Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) ("Frequent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee.").

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1) Plaintiff's motion for reconsideration is DENIED; and

2) Plaintiff is DIRECTED to pay the filing fee in full within fourteen (14) days or suffer dismissal of the action.

IT IS SO ORDERED.

Dated:   October 23, 2014                    _____
                                             SENIOR DISTRICT JUDGE